UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST LEE VADEN,

    Plaintiff,

v.

DR ROBERT L MAYES, et al.,

    Defendants.

No. 2:19-cv-2216 TLN CKD P

ORDER

Plaintiff is a California prisoner proceeding pro se with claims arising under 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation (CDCR) at California State Prison, Solano (CSP, Solano). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint is 30 pages and concerns numerous interactions with health care professionals spanning four years at CSP Solano. Also, much of the information included in the complaint is not relevant to stating a claim upon which relief can be granted, but is, at best, unnecessary background information. With respect to some of the defendants, plaintiff fails to make any allegations suggesting personal participation in any of the deprivations alleged. Liability in a 42 U.S.C. §1983 case "arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

As plaintiff's complaint is not "short and plain," it must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, the amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. To that end, the amended complaint may not exceed 20 pages and must be written with normal spacing and font size.

Also, plaintiff may bring as many claims as he likes against a particular defendant in his amended complaint. Fed. R. Civ. P. 18(a). But claims brought against other defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a claim against the first defendant. Fed R. Civ. P. 20(a)(2).

In order to state a claim upon which relief can be granted in his amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights, see Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980), alleging in specific terms how each named defendant is involved.

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05

1    (1976). A prison official is liable for such a violation only when injury results from the official's
2    deliberate indifference to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d
3    1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.
4    Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

5    In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439
6    F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other
7    grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the
8    plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's
9    condition could result in further significant injury or the 'unnecessary and wanton infliction of
10   pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he
11   existence of an injury that a reasonable doctor or patient would find important and worthy of
12   comment or treatment; the presence of a medical condition that significantly affects an
13   individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d
14   at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

15   Second, the plaintiff must show the defendant's response to the need was deliberately
16   indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act
17   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
18   indifference. Id. Under this standard, the prison official must not only "be aware of facts from
19   which the inference could be drawn that a substantial risk of serious harm exists," but that person
20   "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective
21   approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A
22   showing of merely negligent medical care is not enough to establish a constitutional violation.
23   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A
24   difference of opinion about the proper course of treatment is not deliberate indifference, nor does
25   a dispute between a prisoner and prison officials over the necessity for or extent of medical
26   treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058
27   (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of
28   medical treatment, "without more, is insufficient to state a claim of deliberate medical

indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 18, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lamo2218.14

4