UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE VADEN, | No. 2:19-cv-2216 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| DR ROBERT L MAYES, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding with a civil action against defendants Mayes, Kuersten and California State Prison, Solano. On February 8, 2022, the court granted plaintiff leave to serve follow up interrogatories on defendant Mayes. Plaintiff now seeks an order compelling defendant Mayes to provide additional responses to follow-up interrogatories 10, 20 and 22.

1. Follow-Up Interrogatory #10

In follow-up interrogatory #10, plaintiff asks:

> Before your chronic care appointments with inmate patients do you review the most recent medical entries (Nurse Progress Notes and CDCR Health Care Services Request Forms)?

Defendant Mayes responded as follows:

> Objection. Defendant Mayes objects on the basis that the interrogatory calls for speculation, is vague and ambiguous as to the

1

>phrases "[b]efore your chronic care appointments" and "most recent medical entries," and constitutes an incomplete hypothetical.
>
>Defendant Mayes further objects to the extent that the interrogatory seeks health information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, et seq., and other privacy laws relating to the medical care of non-party inmates.  Further, this interrogatory is irrelevant insofar as it calls for comparing medical treatment of other patients or their health conditions.
>
>Without waiving these objections, Defendant Mayes responds that he reviews chronic care patient medical records every day, pursuant to the chronic care protocols.  This review includes, but is not limited to, review of progress notes of nurses and other medical staff and CDCR 7362 Health Care Services Request Forms submitted by patients. Defendant Mayes further responds that each patient and condition requires differing levels of care.  The frequency of medical record review depends on a number of factors, including but not limited to the seriousness of the medical condition at-issue, and the level of care required to treat the condition.

The court finds that none of defendants' objections are well-taken and that defendant Mayes's answer is evasive.  Good cause appearing, defendant Mayes will be ordered to indicate to plaintiff whether, as a matter of course, he reviews the medical entries described by plaintiff in preparation for chronic care appointments.  Failure to comply with this order will result in sanctions.

2. <u>Follow Up Interrogatory #20</u>

In follow-up interrogatory #20, plaintiff asks:

>Who is or was more qualified to determine Plaintiff's mobility limitations due to his lower extremity bilateral leg pain from 3/1/18 through 9/20/18, you or Plaintiff?

Defendant Mayes responded as follows:

>Objection. Defendant Mayes objects on the basis that the interrogatory calls for speculation, and is vague and ambiguous as to the phrases "more qualified" and "extremity bilateral leg pain," is argumentative, assumes facts in dispute, and constitutes an incomplete hypothetical.
>
>Without waiving these objections, Defendant Mayes responds that he is well-qualified to evaluate mobility limitations, bilateral leg pain, and pain in the extremities. Defendant Mayes further responds that physicians rely on a patient's accurate description of their self-reported symptoms, but also rely on their observations of a patient's presentation and other more objective criteria in evaluating these health conditions.

1  The court finds defendant Mayes's response is adequate.  Defendant Mayes will not be
2  required to respond further.
3  3. Follow Up Interrogatory # 22
4  In follow-up interrogatory #22, plaintiff asks:

> Does a diabetic who test 270 glucose level after eating two hours previous (not eating between) considered serious in need of medical attention?

Defendant Mayes responded as follows:

> Objection. Defendant Mayes objects on the basis that the interrogatory assumes facts in dispute, is argumentative, and constitutes an incomplete hypothetical.
>
> Without waiving these objections, Defendant Mayes responds that a person's glucose level can vary depending on a person's diet, the time he or she last ate relative to when the blood glucose level is administered, and numerous other medical factors. Such factors include, but are not limited to, any medications a person is taking, methods to treat and stabilize one's blood glucose level, the efficacy of those treatments, and hereditary factors.
>
> Defendant Mayes further responds that a blood glucose level of 270 is considered slightly high and is not optimal, but perhaps more indicative of the hypothetical person having eaten two hours prior. The blood glucose level is also dependent on what type of food was eaten, such as foods with high amounts of sugar or carbohydrates. A blood glucose level of 270 would be deemed more problematic if it remained high long after eating, and did not decrease with the passage of time. A determination of how serious the hypothetical condition is also depends on how consistently the hypothetical patient presents with high blood glucose levels, and whether insulin treatments have proven effective to stabilize those levels.

Plaintiff essentially argues the defendant Mayes's answer is evasive.  The court disagrees.  Defendant's indication that a glucose level of 270 is slightly high and not optimal answers plaintiff's question in the negative.  Defendant Mayes will not be ordered to respond further.

/////
/////
/////
/////
/////
////

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 1, 2022 motion to compel (ECF No. 115) is granted in part and denied in part as follows:

1. Granted with respect to follow-up interrogatory #10. Within 10 days, defendant Mayes shall provide a further response to follow-up interrogatory #10 indicating whether, as a matter of course, he reviews progress notes and/or CDCR requests for health care forms in preparation for chronic care appointments. Failure to comply with this order will result in sanctions.

2. Denied in all other respects.

Dated: September 26, 2022

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
vade2216.mtc