UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE VADEN, | No. 2:19-cv-2216 TLN CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DR ROBERT L MAYES, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding with a civil action against defendants Mayes, Kuersten and California State Prison, Solano. On September 26, 2022, the court denied plaintiff's motion for leave to amend and ordered plaintiff's second amended complaint stricken. Specifically, the court found as follows:

> The court has reviewed plaintiff's proposed second amended complaint. The body of the proposed second amended complaint is 20 pages as opposed to the operative amended complaint which is only 8 pages. While the court understands that it is appropriate that the second amended complaint be longer than the amended complaint as plaintiff attempts to add defendants back into the case that were included in the original complaint but not the amended, plaintiff has not adequately explained the expansion of the proposed pleadings. Accordingly, plaintiff's motion for leave to amend will be denied without prejudice to renewal within 30 days.
>
> If plaintiff seeks leave to amend, he must identify all proposed amendments in his motion, why the proposed amendment is material (i.e. why the amendment matters) and must explain the delay in the presentation of the proposed amendment.

1

The body of the new second amended complaint is 19 pages which again is more than twice the length of the operative amended complaint. In his motion for leave to amend, plaintiff fails to comply with the court's September 26, 2022 order in that he does not specifically identify proposed amendments, indicate why a proposed amendment is material and/or adequately explain the delay in presenting the proposed amendment. Plaintiff's general assertion that he seeks leave to amend as a result of information learned in discovery is not sufficient.

As plaintiff already knows, under Rule 15(a) of the Federal Rules of Civil Procedure, the court grants leave to amend "when justice so requires." In deciding whether leave to amend should be granted, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. Forman v. Davis, 371 U.S. 178, 182 (1962). Because plaintiff has failed to, as ordered, adequately identify in his motion his proposed amendments, explain the delay in the presentation of the new allegations, and demonstrate that the proposed amendments are material, the court cannot find that justice requires granting leave to amend. Accordingly, plaintiff's motion for leave to amend should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to amend (ECF No. 134) be denied; and

2. Plaintiff's November 3, 2022, second amended complaint be stricken.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////

/////

/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 21, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
vade2216.lta(2)