UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST LEE VADEN,

    Plaintiff,

    v.

DR. ROBERT L. MAYES, et al.,

    Defendants.

No. 2:19-cv-2216 TLN CKD P

ORDER

    Plaintiff is a California prisoner proceeding with a civil action against defendants Dr. Mayes, Dr. Kuersten, and California State Prison, Solano. Plaintiff has filed motions to compel further responses to plaintiff's first and second set of requests for production of documents.

    First, defendants argue that the motions are not timely. On April 13, 2022, the court extended the discovery deadline to July 1, 2022, and the parties were informed that any motion to compel was to be filed by that date. The motions to compel were deemed filed on June 30, 2022, when plaintiff submitted the motions for mailing. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (documents submitted by prisoners in a 42 U.S.C. § 1983 action such as this are deemed filed when the prisoner gives the document to a prison official for mailing). Accordingly, the motions are timely.

    However, for reasons which follow, the motions themselves and the oppositions to the motions are not acceptable:

1

1. As with most documents filed by plaintiff, there are too many unnecessary exhibits attached which makes it difficult for the court to locate the exhibits that do matter such as defendants' responses to the requests for production at issue.

2. In total, plaintiff asks that the court compel further responses to 35 requests for production, even though plaintiff indicates he has received some 4,000 documents, with redactions, in discovery. ECF No. 109 at 2. A review of both of plaintiff's motions to compel confirms the court's initial suspicion that many of the requests for further responses are frivolous, made in bad faith or both.

For example, plaintiff asks the court to compel defendants to provide documents that defendants have indicated do not exist, including requests 1, 2, 8, 16, 17, 18, 19, 20 & 24 in the set two motion. In other requests for further production, such as request 1 in set one, plaintiff asks for documents which he had not even requested in the original request. Further, many requests are clearly overbroad: in request 2 of set one, for example, plaintiff seeks approximately 3 1/2 years-worth of documents related to policy as to glucose, despite the fact that the only possible injury suffered by plaintiff as a result of that policy occurred over a span of one month at most. Similarly, in set one, request 29, plaintiff asks for the names, pictures, and prisoner identification numbers of inmates who lived in four different buildings over a period of 8 months, with no obvious relation to his claims. In other requests, such as request 10 in set one, plaintiff seeks documents related to persons with no discernible meaningful connection to plaintiff's remaining claims. Further, defendants are not required to take pictures as plaintiff suggests in request 3 of set two.

3. It appears some of the requests for production in set two are somewhat duplicative of requests made in set one.

4. Frequently plaintiff makes assertions in his motions to compel not applicable to the designated request to produce at issue. The court need go no further than request to produce 1 in set one in which plaintiff strays off topic discussing his discontent with redactions made by defendants and then seeks to expand the breadth of his original request.

5. As for the oppositions, the numbering used by defendants in the opposition to set one

2

is confusing. For example, page four concerns request for production 5, yet the bold print above the language of the actual request for production reads "Request for Production 1." This happens repeatedly throughout the opposition (i.e. pages 7, 13-18).

6. In the oppositions to both motions for further production, defendants assert numerous objections, some of which appear to be boilerplate, inappropriate, and / or unsupported by federal law. For example, in the response to request to produce 1 in set one, defendants claim the request is unduly burdensome without explanation. Defendants assert some documents are "potentially privileged" which is not an appropriate basis at all. See Fed. R. Civ. P. 26(b)(5) (any claim of privilege must be made expressly and must include a description of the nature of the documents allegedly privileged). Additionally, defendants assert privileges arising under state law which are not applicable in federal court. Further, in the response to the motion to compel a further response to request 1, defendants claim that they "justifiably refused to provide health care grievances filed by non-party inmates" without identifying the justification. The court presumes that defendants are alluding to state and possibly federal privacy laws concerning medical records, but is not clear.

7. Defendants are sometimes not clear whether all documents were produced or whether some were held back (for example, request to produce 3 in set one).

8. In response to plaintiff's motion to compel as to request 4 in set one, defendants indicated they would look for more documents. This is not appropriate. What would be appropriate is to search for more documents then indicate in the opposition to the motion to compel whether more documents were found and produced.

9. Defendants are, at times, evasive. For example, with respect to set one request 12 defendants assert that the word "memoranda" is vague even though it is sufficiently clear within the context of the request to produce. Similarly, "all investigative notes" as it appears in request 5 in set two is neither vague nor ambiguous.

10. Defendants also object on the basis of undue burden and overbreadth numerous times. While the briefing at least suggests that these objections are possibly appropriate, at most times defendants do not provide enough detail upon which the court can make such a finding.

In sum, both motions to compel, and the oppositions thereto are unacceptable, and the court will not waste judicial resources attempting to unscramble the filings. Both motions to compel will be denied without prejudice. The court will permit the parties 30 days within which to meet and confer as to a resolution of the issues raised in plaintiff's motions to compel. If at the end of the meet and confer period, plaintiff is still not satisfied as to the responses to his requests for production, plaintiff will be permitted to file a motion to compel. If plaintiff elects to file another motion to compel, he must adhere to the following:

1. The motions cannot exceed the scope of the motions already presented.

2. Plaintiff must submit the challenged responses, and if defendants' position has changed concerning an initial response, plaintiff must so indicate and describe the new position. Plaintiff must refrain from filing any other unnecessary exhibits.

3. Plaintiff is informed that under Federal Rule of Civil Procedure 26(b)(1) the appropriate scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

4. Any request for further production cannot be frivolous or made in bad faith as described above.

5. Any request for further production cannot be duplicative of another request for further production.

6. Any request for further production must be concise and shall not contain information irrelevant to the request.

In any opposition, defendants must adhere to the following:

1. Defendants must correct the numbering issues which appear in the opposition to the motion to compel concerning requests for production set one.

2. Defendants shall not assert any objection unless the request to produce is obviously

1  objectionable for the stated reason, or defendants support the objection with facts and applicable federal law.

3.  Defendants shall assert only those privileges that arise under federal law.

4.  If defendants have turned over all documents responsive to a particular request they shall so state (as opposed to indicating that some documents were turned over while being vague as to whether there are any more documents).

5.  If defendants fail to turn over any documents which are clearly within the scope of discovery as described above and clarified by federal case law, and are not privileged under federal law, monetary sanctions will issue.

Both parties are reminded or their responsibilities under Rule 11(b) of the Federal Rules of Civil Procedure.[1]  Also, with respect to discovery in particular, by submitting any request for discovery or response thereto, the party certifies that the request or response is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g).  Any violation of these rules will be met with sanctions which, for the plaintiff, might include dismissal of this action.

---

[1] (b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Finally, the court notes that defendants' motion for summary judgment is pending. Considering the foregoing, the motion for summary judgment will be denied without prejudice to renewal at an appropriate time to be determined by the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel defendants to provide further responses to plaintiff's first set of requests for production of documents (ECF No. 109) and plaintiff's motion to compel defendants to provide further responses to plaintiff's second set of requests for production of documents (ECF No. 113) are denied without prejudice.

2. The parties are granted 30 days within which to meet and confer as to the issues raised in plaintiff's motions to compel.

3. Plaintiff is granted 60 days within which to file motions to compel concerning defendants' responses to plaintiff's first set of requests for production of documents and/or defendants' responses to plaintiff's second set of requests for production of documents in accordance with the terms identified in this order. In addition to those terms, any motion to compel must include a certification that the meet and confer requirement described above was met. Defendants may file an opposition to any motion to compel within 30 days of service of the motion and the opposition must be in accordance with the terms identified herein. Plaintiff may file a reply brief within 30 days of service of an opposition.

4. In all other respects, discovery is closed.

5. Defendants' motion for summary judgment (ECF No. 138) is denied without prejudice. Defendants will be informed as to the time and procedure for renewal when appropriate.

Dated: February 27, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
vade2216.mtc(5)