UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE VADEN,<br><br>Plaintiff,<br><br>v.<br><br>DR. ROBERT L. MAYES, et al.,<br><br>Defendants. | No. 2:19-cv-2216 TLN CKD P<br><br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with a civil action against California State Prison, Solano, and two physicians employed there. Plaintiff proceeds on the following claims:

1. Claims arising under the First Amendment against defendants Dr. Mayes and Dr. Kuersten based upon retaliation for protected conduct.

2. Claims arising under the Eighth Amendment against defendant Dr. Mayes concerning denial or delay of medical care regarding his denying plaintiff a wheelchair, treatment as to plaintiff's vitamin B-12 deficiency, and treatment for plaintiff's diabetes.

3. A claim against defendant California State Prison, Solano arising under Title II of the Americans with Disabilities Act.

/////

/////

1

On February 28, 2023, the court ordered that the parties meet and confer to potentially resolve their differences with respect to defendants' responses to plaintiff's first and second set of requests for production of documents. On November 3, 2023, and pursuant to the request of the parties, the court agreed to conduct an in camera review of certain documents recovered by counsel for defendants to ascertain whether they must be produced. The documents have been submitted, and the court has conducted the requested review. The court notes that defendants have dropped their request for in camera review with respect to documents AGO 012-21, 032-33, 46-49, 068-086, 107-155, 163-181, 189-218, 225-248, 250-263 & 339-426. The court assumes that these documents have already been turned over to plaintiff, are in plaintiff's possession, or are available to plaintiff.

1. Documents Related to Plaintiff's Grievances

The first set of documents the court reviewed concern prisoner grievances filed by plaintiff resulting investigations and findings. Defendants' only remaining objection concerning these documents is an assertion of the "official information" privilege. "Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). Generally speaking, "official information" is information collected by a governmental entity and kept confidential because governmental or privacy interests would be threatened by disclosure. See Rogers v. Giurbino, 288 F.R.D. 469, 481 (S.D. Cal. 2012). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez, 936 F.2d 1027, 1033-34; see Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987) (describing the balancing test as "moderately pre-weighted in favor of disclosure"). The court has conducted the required balancing test as finds as follows:

A. AGO 001-6, 11, 31, 34-38, 44-46, 50, 54-55, 57-58

Defendants assert that these documents reveal the process for resolution of inmate grievances which the California Department of Corrections and Rehabilitation (CDCR) generally does not reveal to inmates for fear inmates might manipulate the process and the revelation of "internal checks and balances" could be used against staff. ECF No. 167 at 19-20. While the court finds these reasons mostly vague, the court does accord some deference to the expertise of corrections officials. Having

reviewed the documents, the court concludes that the evidentiary value of the documents is minimal at best. Further, it is not likely that their production would lead to the discovery of any admissible evidence, particularly as none of plaintiff's grievances were substantiated. For these reasons, the documents identified above need not be produced.

### B. AGO 007-10, 39-43, 51-53, 56

These documents are reports generated pursuant to investigations concerning grievances filed by plaintiff relating to the claims remaining in this action. The relevance of the information in the reports is manifest. In circumstance, the concerns of CDCR identified above must give way.

### C. AGO 022-26

These documents are essentially a summary of interviews conducted with plaintiff and staff concerning matters potentially relevant to plaintiff's remaining ADA claim. Defendants again object to revealing its process, but the relevance of the information in the documents justifies production. Defendants also argue in favor of privilege by stating that witnesses interviewed in an investigation process might be less truthful if they know their statements could be made public. The court has reviewed the statements made by witnesses and finds that, in this instance, nothing said by any witness is potentially harmful to that witness if the information were to be made public. Further, nothing suggests that the integrity of any future investigation would be at risk by production of the documents identified above.

### D. AGO 027-30

The court agrees with defendants that AGO 027-30 need not be produced based upon lack of relevance. As indicated above, interviews were conducted with respect to matters potentially relevant to plaintiff's ADA claim. The documents identified as AGO 27-030 are simply notices to one of the persons interviewed to appear for interview and an advisement of rights. These documents need not be produced.

### E. AGO 087-106

Defendants assert that documents AGO 087-106 are duplicative of AGO 022-033 except that there are some blank pages included. As this does appear to be the case, defendants need not produce AGO 087-106.

2. <u>Documents Related to Grievances Filed by Inmate Kenneth Taylor</u>

In request to produce no. 1, plaintiff seeks documents relating to complaints made by other inmates as to falsification of records by defendants Dr. Mayes or Dr. Kuersten. Defendants have already turned over some documents related to grievances filed by inmate Kenneth Taylor. As for AGO 156-162, 182-188, 219-225 & 249, the court agrees with defendants that nothing in these documents concerns falsification of any records by either defendant, and nothing suggests that these documents are within the scope of discovery identified in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendants will not be ordered to produce any of these documents.

3. <u>Documents Related to Grievances Filed by Inmate Michael Myers</u>

Defendants have provided documents concerning prisoner grievances filed by Michael Myers. As defendants argue, nothing suggests that these documents have any relevance to plaintiff's remaining claims. Accordingly, defendants will not be ordered to turn over these documents.

4. <u>Documents Related to Grievances Filed by Inmates Richard Welk and Gregory Lanier</u>

Defendants provide some documents they believe could be responsive to request to produce no. 1 pertaining to grievances filed by inmates Richard Welk and Gregory Lanier. Unlike inmate Taylor, these inmates did not consent to have plaintiff receive their medical records and defendants again assert the "official information" privilege, citing to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, <u>et</u> <u>seq</u>.

The "official information" privilege is not applicable as none of the documents appear to be confidential. For the most part, the documents were either generated by inmate Welk or Lanier in direct response to a concern raised by Welk or Lanier or are medical records. There is no revelation of confidential process, no statements by witnesses or any other reason to prevent plaintiff from obtaining these documents except with respect to the privacy of medical records protected by HIPAA and other laws and regulations. As for HIPPA and other privacy rights, the court finds that the documents identified as AGO 264-338 (Welk) & AGO 433-503 (Lanier) are either within the scope of discovery identified in Rule 26(b)(1) of the Federal Rules of Civil Procedure, or that defendants have not established that the documents are not within the scope. The court will order that these documents be disclosed to plaintiff. However, disclosure is limited as follows:

1. The documents shall be produced to and kept in the custody of the litigation coordinator at plaintiff's place of incarceration.

2. Plaintiff is permitted to review the documents in the presence of the litigation coordinator for no more than two hours and may take notes as to the contents of the documents. Plaintiff cannot obtain copies at this stage.

3. Plaintiff shall not reveal to any person any information obtained by him though the documents ordered produced as it pertains to the medical condition of inmate Welk or Lanier. Doing so could result in plaintiff being held in contempt of court or the imposition of other sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. The documents identified as AGO 007-10, 022-26, 39-43, 51-53, 56 submitted for in camera review shall be turned over to plaintiff within 21 days.

2. The documents identified as AGO 264-338 and AGO 433-503 shall be turned over to the litigation coordinator at the California Medical Facility within 21 days and are subject to the protective order described herein. The litigation coordinator shall provide plaintiff with access within 30 days.

3. No later than December 15, 2024, the parties shall submit a joint status report as to any issues which remain concerning defendants' responses to plaintiff's first or second set of requests for production of documents. If no status report is filed, the court will assume all matters are resolved. Discovery remains closed in all other respects.

4. The Clerk of the Court file the documents submitted by defendants for in camera review under seal.

Dated: October 10, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/vade2216.mtc(6)

5