UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE VADEN, | No. 2:19-cv-2216 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| DR. ROBERT L. MAYES, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants are the California Department of Corrections and Rehabilitation (CDCR) and two CDCR employees: Dr. Mayes and Chief Medical Executive Kuersten. Discovery is closed.

Plaintiff seeks leave to serve 15 requests for production of documents, 15 interrogatories, and 15 requests for admissions. Plaintiff asserts that after the point he was no longer permitted to serve requests for discovery, he was provided evidence from defendants which necessitates further discovery.

Newly discovered evidence is not, by itself, a reason to reopen discovery. Discovery can only be reopened if the moving party demonstrates diligence in conducting discovery before the deadline passed. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

/////

1

For the most part, plaintiff has not shown that what he seeks now could not have been sought before the expiration of the deadline with the exercise of due diligence. Plaintiff does not identify any new request or interrogatory specifically, nor does he identify upon which party or parties the requests for discovery would be served. Further, it is not even clear what information is sought, nor from whom. Thus, it is nearly impossible to conclude whether his requests should have been made sooner, whether they are repetitive of requests already made, or if Federal Rule of Civil Procedure 26(e)(1) already requires that defendants turn over discoverable information requested as part of their continuing duty to correct or supplement responses to prior requests for discovery. Fed. R. Civ. P. 26(e)(1).

In a few instances plaintiff does at least give provide some specificity as to the information he seeks.[1] Even with the more particularized requests, however, plaintiff fails to show that anything discoverable could not have been sought before the close of discovery with the exercise of due diligence or that the information has not previously been sought.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery (ECF No. 199) is DENIED; and
2. The pretrial motion filing deadline is January 15, 2026. Any motion for summary judgment must be filed by that date.

Dated: November 18, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
vade2216.mtc(8)

---

[1] For instance, although he fails to identify the party responsible, he requests emails between Ann Sumner and Cary MacDonald, Melanie Delavega, and P. Baumert sent June 18, 2018.